UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Abubakar S.A.,

Petitioner,

v.

Todd Blanche, Attorney General of the United States; Markwayne Mullin, Secretary of the Department of Homeland Security; David Venturella, Acting Director of United States Immigration and Customs Enforcement; David Easterwood, Acting Director, St. Paul Field Office, U.S. Immigration and Customs Enforcement; and Joel Brott, Sheriff of Sherburne County, in their official capacities,

Respondents.

Civ. No. 26-3818 (PAM/JFD)

**MEMORANDUM AND ORDER**

---

This matter is before the Court on Petitioner Abubakar S.A.'s Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Petitioner challenges his immigration detention pending removal. For the following reasons, the Court denies the Petition.

**BACKGROUND**

Petitioner is a citizen of Ghana, who entered the United States on July 27, 2022. (Pet. (Docket No. 1) ¶¶ 2, 5; Decl. of Steven Draves (Docket No. 7) ¶ 4.) On July 28, 2022, Customs and Border Patrol processed Petitioner and determined that he was an inadmissible alien subject to expedited removal for not possessing "a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document

required by the Immigration and Nationality Act." (Draves Decl. Ex. B at 1.) He stated that he had a fear of returning to Ghana. (Id. ¶ 5, Ex. A.) On August 9, 2022, before a credible fear interview took place, due to COVID-19 restrictions, Immigration and Customs Enforcement ("ICE") temporarily paroled Petitioner into the United States for one year. (Id. ¶ 6, Ex. C at 1, Ex. D at 2, 3.) Petitioner was to report to an ICE office on May 1, 2023, but he did not do so. (Id. ¶ 6.) Therefore, his parole expired.

More than three years later, on May 27, 2026, Petitioner arrived as directed at an Enforcement and Removal Operations ("ERO") office and, after running a records check, ICE officers took Petitioner into custody to facilitate a credible fear interview with U.S. Citizenship and Immigration Services ("USCIS") and served an I-200 Warrant for Arrest of Alien on him. (Id. ¶ 7, Ex. D. at 2; Pet.'s Reply (Docket No. 8) Ex. 1. at 1.) On June 10, 2026, USCIS found that Petitioner had a credible fear of returning to Ghana, and on June 12, 2026, USCIS issued him a Notice to Appear, Form I-862, charging him as an inadmissible alien present in the United States who has not been admitted or paroled. (Draves Decl. ¶¶ 8-9, Ex. G at 1.) An Immigration Judge ordered Petitioner removed to Ghana on August 24, 2026. (Id. ¶ 10.)

Petitioner has a pending application for asylum. (Pet. ¶¶ 2, 22; Draves Decl. Ex. D at 3.) He is detained at the Sherburne County Jail in Elk River, Minnesota. (Pet. ¶¶ 1, 16.)

**DISCUSSION**

"A writ of habeas corpus enables a person detained by the government to challenge the legality of his confinement and, if successful, obtain his release." Abdulkadir A. v. Sessions, Civ. No. 18-2353, 2018 WL 7048363, at *2 (D. Minn. Nov. 13, 2018) (Bowbeer,

M.J.) (citing Preiser v. Rodriguez, 411 U.S. 475, 485 (1973)), R. & R. adopted, 2019 WL 201761 (D. Minn. Jan. 15, 2019) (Brasel, J.). The Petition seeks Petitioner's immediate release, and alleges Respondents violated Petitioner's constitutional rights. Respondents contend that Petitioner's detention is mandatory pursuant to 8 U.S.C. § 1225(b)(1) or alternatively § 1225(b)(2).

Section 1225(b)(1)(A)(i) dictates that arriving aliens and certain other aliens shall be "removed from the United States without further hearing or review unless the alien indicates either an intention to apply for asylum . . . or a fear of persecution." 8 U.S.C. § 1225(b)(1)(A)(i). If an arriving alien so indicates, immigration officers refer the alien for a credible fear interview. Id. § 1225(b)(1)(A)(ii). An alien "with a credible fear of persecution" is "detained for further consideration of the application for asylum." Id. § 1225(b)(1)(B)(ii). If an alien does not indicate an intent to apply for asylum, express a fear of persecution, or is "found not to have such a fear," then he or she is detained until removed from the country. Id. § 1225(b)(1)(A)(i), (B)(iii)(IV). "Read most naturally, []§ 1225(b)(1) . . . mandate[s] detention of applicants for admission until certain proceedings have concluded." Jennings v. Rodriguez, 583 U.S. 281, 297 (2018). Although detention is mandatory, the relevant statute confers broad discretion on the Secretary of Homeland Security to temporarily parole arriving aliens into the United States. See 8 U.S.C. § 1182(d)(5)(A) ("The Secretary of Homeland Security may . . . in his discretion parole into the United States temporarily under such conditions as he may prescribe only on a case-by-case basis for urgent humanitarian reasons or significant public benefit any

alien applying for admission to the United States, but such parole of such alien shall not be regarded as an admission of the alien . . . .")

Petitioner is an alien present in the United States. The record is clear that Petitioner was detained upon his entry into the United States and processed for expedited removal. Although Petitioner was released on temporary parole, which has since expired, the law dictates that "[a]n arriving alien remains an arriving alien even if paroled pursuant to section 212(d)(5) of the [Immigration and Nationality] Act, and even after any such parole is terminated or revoked." 8 U.S.C. § 1.2. Petitioner provides no facts demonstrating that anything has altered the Department of Homeland Security's initial determination that he is an inadmissible alien. Thus, Petitioner is subject to mandatory detention under § 1225(b)(1).[1]

Moreover, Petitioner filed an application for asylum and ostensibly continues to pursue that status. Even "[i]f actively 'seeking admission' is a distinct requirement for mandatory detention pursuant to § 1225, seeking asylum is 'seeking admission,' within the meaning of the statute, since 'admission' is defined in terms of 'lawful' status, 8 U.S.C. § 1101(a)(13)(A), not physical presence on U.S. soil." Chen v. Almodovar, 815 F. Supp. 3d 314, 321–22 (S.D.N.Y. 2025). Indeed, Petitioner is "seeking admission" as an arriving alien to the United States through his application for asylum status. See 8 U.S.C. § 1101(a)(13)(A). Thus, Petitioner is subject to mandatory detention.

[1] Alternatively, the Court finds that Petitioner is an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225(b)(2). See Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026).

Petitioner's arguments to the contrary fail. Petitioner contends that Respondents are detaining him pursuant to § 1226(a) because his Form I-200, Warrant for Arrest of Alien references Section 236 of the Immigration and Nationality Act ("INA"). (See Pet.'s Reply Ex. 1 at 1 (indicating that "[a]ny immigration officer authorized pursuant to sections 236 and 287 of the Immigration and Nationality Act [INA] and part 287 of title 8, Code of Federal Regulations" may "serve warrants of arrest for immigration violations").) The language Petitioner cites on the Warrant merely indicates which immigration officers may conduct an arrest, not that an arrest is pursuant to § 1226. Thus, the Court rejects Petitioner's argument.

Petitioner's Fourth Amendment claims are unavailing, because Petitioner's arrest was lawful and mandated by statute. Section 1225(b) makes no mention of a warrant requirement, and Respondents complied with the requirements of 8 U.S.C. § 1357 regardless. An immigration officer can "interrogate" an alien or a person suspected to be an alien about his or her right to be in the United States. 8 U.S.C. § 1357(a)(1). The officer may arrest an alien without a warrant if the officer has "reason to believe" that the alien is in the United States in violation of immigration law and is likely to escape before a warrant can be obtained. See 8 U.S.C. § 1357(a)(2). "'Reason to believe' . . . means constitutionally required probable cause." United States v. Quintana, 623 F.3d 1237, 1239 (8th Cir. 2010). Here, Petitioner entered the country illegally and was found to be an inadmissible alien—there is no doubt that Respondents reasonably believed he was in violation of immigration law. Further, it was reasonable for Respondents to believe that they would not be able to locate Petitioner before obtaining a warrant because while

released on temporary parole he did not report to an ICE office in 2023 as required and the record is void of any attempt by Petitioner to rectify that in the three years before his 2026 detention to facilitate the credible fear interview. Therefore, the Cout concludes that Respondents had probable cause to arrest Petitioner under § 1357(a)(2).

Even if Respondents lacked such probable cause, the Court is unpersuaded by Petitioner's argument that release is the proper remedy when he is in deportation proceedings. See Singh v. Sommer, No. 7:26-CV-5013, 2026 WL 2042296, at *3 (D. Neb. July 15, 2026) ("[I]t has been held that an arrest exceeding statutory authority doesn't void the subsequent detention and deportation proceedings.") (collecting cases). Petitioner's Fourth Amendment claims lack merit.

Petitioner's Fifth Amendment claims also fail. He alleges that Respondents violated his due process rights under the Fifth Amendment and argues that Mathews v. Eldridge, 424 U.S. 319 (1976), requires the Court to employ an individualized balancing test when considering his due process rights, but he is mistaken. The Eighth Circuit has determined that "Zadvydas and Demore have already done whatever balancing is necessary" for detainment decisions. Banyee v. Garland, 115 F.4th 928, 933 (8th Cir. 2024). "The government can detain an alien for as long as deportation proceedings are still 'pending.'" Id. (quoting Demore, 538 U.S. at 527). Petitioner's due process arguments are foreclosed by Avila and he received the process he is due.

The Court concludes that Petitioner is not entitled to the habeas relief that he seeks, and thus denies his Petition.

## CONCLUSION

Accordingly, **IT IS HEREBY ORDERED that:**

1. The Petition (Docket No. 1) is **DENIED**; and

2. This action is **DISMISSED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: September 23, 2026

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge